1  JEFFREY A. SWEDO (SBN: 078361)
   *jswedo@gordonrees.com*
2  LAUREN M. FISHER (SBN: 252700)
   *lfisher@gordonrees.com*
3  GORDON & REES LLP
   4675 MacArthur Court, Suite 800
4  Newport Beach, California 92660
   Telephone:  (949) 255-6950
5  Facsimile:   (949) 474-2060

6  Attorneys for Plaintiff and Counterdefendant
   BONWRX, Inc.
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 BONWRX, Inc., a Delaware              **CASE NO. SACV08-01448 DOC(CTx)**
   Corporation,
12                                        [~~**PROPOSED**~~] **STIPULATED**
                          Plaintiff,       **PROTECTIVE ORDER**
13
           vs.                             Assigned to:  Hon. David O. Carter
14
   LIFE SCIENCE OUTSOURCING, Inc.,         This proposed stipulated protective order
15 a California Corporation; and Barry     is not limited to discovery, and is,
   Kazemi, an individual,                  therefore, for consideration by the district
16                                         judge.
                          Defendant.
17
   LIFE SCIENCE OUTSOURCING,
18 INC., a California corporation,
19                        Counterclaimant,
20        vs.
21 BONWRX, INC., a Delaware
   Corporation,
22
                          Counterdefendant.
23

24     **1.    GOOD CAUSE STATEMENT**

25        Disclosure and discovery activity in this action are likely to involve

26 production of highly sensitive financial, business, trade secret, proprietary

27 information, confidential, or private information that has not been disseminated to

28 the public at large, which is not readily discoverable by competitors, and has been

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA  92660

1  the subject of reasonable efforts by the respective parties and/or third parties to

2  maintain its secrecy, and for which special protection from public disclosure and

3  from use for any purpose other than prosecuting this litigation is warranted.

4  Accordingly, the parties hereby stipulate to and petition the Court to enter the

5  following Stipulated Protective Order.

6       The parties acknowledge that this Stipulated Protective Order does not

7  confer blanket protections on all disclosures or responses to discovery and that the

8  protection it affords extends only to the limited information or items that are

9  entitled under the applicable legal principles to treatment as confidential.  The

10  parties further acknowledge, as set forth in Section 10, below, that this Stipulated

11  Protective Order creates no entitlement to file confidential information under seal,

12  nor does anything herein prejudice the right of any party to object to the

13  production of any discovery material that is legally protected from disclosure.

14  **2.  DEFINITIONS**

15       2.1.  <u>Party</u>:  any party to this action, including all of its officers,

16  directors, employees, consultants, retained experts, and counsel (including their

17  support staff).

18       2.2.  <u>Disclosure or Discovery Material</u>:  all items or information,

19  regardless of the medium or manner generated, stored, or maintained (including,

20  among other things, testimony, transcripts, or tangible things) that are produced or

21  generated in disclosures, depositions, subpoenas, or responses to discovery in this

22  matter.

23       2.3.  <u>Trade Secret</u>:  Information, including a formula, pattern,

24  compilation, program, device, method, technique, or process that:  (i) derives

25  independent economic value, actual or potential, from not being generally known

26  to the public or to other persons who can obtain economic value from its disclosure

27  or use; and (ii) is the subject of efforts that are reasonable under the circumstances

28  to maintain its secrecy, as set forth in California *Civil Code* § 3426.

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

- 2 -

[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**

2.4    "CONFIDENTIAL" Information or Items:  Disclosure of Discovery Material that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), which shall only be disclosed to any Party to this litigation, as set forth in section 7.2 below.  The following specific categories and materials qualify for protection:  (i) documents related to the VK100 system and component parts used in Plaintiff's medical device at issue in this case; (ii) documents related to the manufacturing processes of Plaintiff's medical device;  (iii) the content or formula of Plaintiff's medical device and components thereof; (iv) documents related to Plaintiff's product development and testing; (v) documents related to the procedures and use of Plaintiff's medical device at issue in this case; (vi) business plans; (vii) sketches or mock-ups of Plaintiff's designs; (viii) financial data; (ix) customer lists; (x) business agreements and contracts; (xi) licensing negotiations and agreements; (xii) third-party information covered by an obligation of confidentiality; (xiii) documents related to Plaintiff's vendors and suppliers; (xiv) submissions to regulatory entities; and (xv) communications with regulatory entities.

Plaintiff will suffer severe prejudice and harm if the above-listed documents and information is acquired by others.  Plaintiff is a start-up medical device corporation that is developing an innovative medical device product.  Information related to the development, testing, formulation, and progress of its medical device is highly proprietary and confidential.  If information related to, for example, Plaintiff's formulations, testing, manufacturing, customer lists, and vendors is released, other companies will be able to compete with Plaintiff and Plaintiff's competitive advantage will be lost.  These above-listed documents should be protected to ensure that there is no disclosure of Plaintiff's proprietary or trade secret information

2.5.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Disclosure or Discovery Material that is extremely sensitive

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

BWRX/1055565/7010467v.1

— such as trade secrets, confidential proprietary information, or highly sensitive business strategies, plans or developments, vendors, submissions to regulatory entities, service, sales or strategic plans, analysis, reports, bids or proposals to or from clients and customers, supplier identities, pricing plans and methods, product cost information, licensing information and rates, unpublished financial statements, technical information, including, but not limited to, source codes, specifications, and portions of engineering notebooks or other research and development documentation relating to future or other developments not yet incorporated into a product being sold, patent preparation and prosecution information that is not public, personnel information, or other information which would put the producing person or entity at a competitive disadvantage if the information became known to any person other than the parties' respective outside counsel (Gordon & Rees LLP for Plaintiff/Counterdefendant and Shimokaji & Associates, P.C. for Defendants/ Counterclaimants), as set forth in section 7.3 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

      2.6.  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party, as defined herein.

      2.7.  <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery Material in this action.

      2.8.  <u>Designating Party</u>:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      2.9.  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall also include abstracts, compilations, or summaries of documents or information that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

2.10.  Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11.  In-House Counsel:  BonWrx's in-house counsel Daniel L. Pollman, and Ralph Carmichael (when acting in the capacity of providing legal advice).

2.12.  Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.13.  Retained Expert or Consultant:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee, or scheduled to become an employee, of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14.  Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

Any Protected Material may not be disseminated or disclosed outside the parameters of this Stipulated Protective Order, subject to the terms thereof, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent a Party from introducing evidence at trial to prove its case.  The use of any Protected Material at

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

- 5 -

trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party shall either destroy all Protected Material, or return all Protected Material to the Producing Party, at the election of the Producing Party; however, to the extent that Counsel for the Receiving Party has created abstracts, compilations, or summaries of Protected Material, Receiving Party shall destroy such abstracts, compilations, or summaries or redact references to Protected Material information from them.  If the documents were originally produced without charge, they shall be returned without charge.  If they were produced at a charge, they shall be returned for the same cost.  As used in this paragraph, "all Protected Material" includes all copies, reproductions, scans, or any other form of duplicating any of the Protected Material.

The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed or returned, as applicable, and that affirms that the Receiving Party has not retained any copies, reproductions, scans, or any other form of duplicating any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain a single archival copy of all pleadings, abstracts, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain, summarize, describe, reference, or refer to Protected Material, so long as Counsel safeguards and limits access to that archival copy. Counsel are entitled to retain a single archival copy of all Protected Material for a period of seven years.  The Protected Material will be segregated and sealed in appropriately marked boxes for storage.  At the end of the seven-year period, Counsel agree to destroy all Protected Material.

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

**5.   DESIGNATING PROTECTED MATERIAL**

5.1.   <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take reasonable care to designate for protection only those materials, documents, items, or oral or written communications, or parts thereof, that qualify; such that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Designations that are shown to be clearly unjustified, or made in bad faith, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions as provided for under the Local Rules and the Federal Rules of Civil Procedure.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party or non-party must withdraw such mistaken designation and promptly notify all other parties, in writing, that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated, ordered, or agreed in writing or on the record, any material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

- 7 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

1                    (a)     <u>For information in documentary form</u> (apart from

2    transcripts of depositions or other pretrial or trial proceedings), that the Producing

3    Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected

5    Material.  If only a portion or portions of the material on a page qualifies for

6    protection, the Producing Party also must clearly identify the protected portion(s)

7    (e.g., by making appropriate markings in the margins) and must specify, for each

8    portion, the level of protection being asserted (either "CONFIDENTIAL" or

9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

10          A Party or non-party that makes original documents or materials available

11    for inspection need not designate them for protection until after the inspecting

12    Party has indicated which material it would like copied and produced.  During the

13    inspection and before the designation, all of the material made available for

14    inspection may be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15    ONLY."  After the inspecting Party has identified the documents it wants copied

16    and produced, the Producing Party must determine which documents, or portions

17    thereof, qualify for protection under this Order, then, before producing the

18    specified documents, the Producing Party must affix the appropriate legend

19    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20    ONLY") conspicuously on each page that contains Protected Material.  If only a

21    portion or portions of the material on a page qualifies for protection, the Producing

22    Party also must clearly identify the protected portion(s) and must specify, for each

23    portion, the level of protection being asserted (either "CONFIDENTIAL" or

24    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

25                    (b)     <u>For testimony given in deposition or in other</u>

26    <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony

27    identify on the record, before the close of the deposition, hearing, or other

28    proceeding, all protected testimony, and further specify any portions of the

- 8 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, gives, or requests to designate the testimony as protected, may invoke on the record (before the deposition or proceeding is concluded) a right to have up to ten (10) days after the date of receiving the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Court reporters shall be requested to transmit transcripts electronically, as well as by hard-copy. Only those portions of the testimony that are appropriately designated for protection within the 10-day period shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall conspicuously affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty so designating.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)     Inadvertent Failures to Designate. If corrected within ten (10) days of disclosure, an inadvertent failure to designate qualified information or

[PROPOSED] STIPULATED PROTECTIVE ORDER

BWRX/1055565/7010467v.1

items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" does not, standing alone, waive the Designating Party's right to
secure protection under this Stipulated Protective Order for such material.  If
material is appropriately designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially
produced, the Receiving Party, on timely notification of the designation — ten (10)
days — must make reasonable efforts to assure that the material is treated in
accordance with the provisions of this Stipulated Protective Order, subject to the
provisions below.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.   <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a
Designating Party's confidentiality designation must do so in good faith and must
begin the process by conferring directly with counsel for the Designating Party.  In
so conferring, the challenging Party must explain the basis for its belief that the
confidentiality designation was not proper and must give the Designating Party an
opportunity to review the designated material, to reconsider the circumstances,
and, if no change in designation is offered, to explain the basis for the chosen
designation.  Upon notice, the Designating Party has seven (7) days, unless
otherwise agreed, to respond to the request for re-designation.  A challenging Party
may proceed to the next stage of the challenge process only if it has engaged, or in
the event of non-cooperation attempted to engage, in this meet and confer process
first.

6.2.   <u>Judicial Intervention.</u>  A Party that elects to press a challenge to
a confidentiality designation after considering the justification offered by the
Designating Party may file and serve a motion that identifies the challenged
material and sets forth in detail the basis for the challenge.  Each such motion must
be filed in accordance with Local Rule 37, unless exigent circumstances justify the
filing of an *ex parte* application. Until the Court rules on the challenge, all parties

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA  92660

- 10 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

1  shall continue to afford the material in question the level of protection to which it

2  is entitled under the Producing Party's designation.

3  **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

4  　　　　7.1.   <u>Basic Principles</u>.  A Receiving Party may use Protected

5  Material that is disclosed or produced by another Party or by a non-party in

6  connection with this case only for prosecuting, defending, or attempting to settle

7  this litigation.  Such Protected Material may be disclosed only to the categories of

8  persons and under the conditions described in this Stipulated Protective Order.

9  Following final resolution of the litigation, a Receiving Party shall comply with the

10  provisions of Section 4, above, and Section 11, below.  Protected Material shall be

11  stored and maintained by a Receiving Party at a location and in a secure manner

12  that reasonably ensures that access is limited to the persons authorized under this

13  Stipulated Protective Order.

14  　　　　7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

15  Unless otherwise ordered by the Court or permitted in writing by the Designating

16  Party, a Receiving Party may disclose any information or item designated

17  "CONFIDENTIAL" only to:

18  　　　　　　　　(a)　　the Receiving Party's Outside Counsel of record in this

19  action (Gordon & Rees LLP for Plaintiff/Counterdefendant and Shimokaji &

20  Associates, P.C. for Defendants/Counterclaimants), as well as employees of said

21  Outside Counsel to whom it is reasonably necessary to disclose the information for

22  this litigation;

23  　　　　　　　　(b)　　the officers, directors, and employees (including In-house

24  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

25  this litigation;

26  　　　　　　　　(c)　　Retained Experts or Consultants (as defined in this Order

27  and approved pursuant to paragraph 7.4(a)-(d) or exempt pursuant to paragraph

28  7.4(e), below) of the Receiving Party to whom disclosure is reasonably necessary

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

- 11 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

1 for this litigation and who have signed the "Acknowledgement and Agreement to

2 Be Bound " (Exhibit A);

3        (d)    the Court and its personnel;

4        (e)    court reporters, their staffs, and professional vendors to

5 whom disclosure is reasonably necessary for this litigation;

6        (f)    during their depositions, witnesses in the action to whom

7 disclosure is reasonably necessary.  Pages of transcribed deposition testimony or

8 exhibits to depositions that reveal Protected Material may not be disclosed to

9 anyone except as permitted under this Stipulated Protective Order.  Any party

10 seeking to use CONFIDENTIAL information during a deposition of a non-party

11 shall obtain a statement on the record that the non-party deponent has agreed to

12 abide by the terms of this Stipulated Protective Order.

13        (g)    the author and named recipients of the document, persons

14 who have previously had access to the documents or CONFIDENTIAL

15 Information other than through discovery or disclosures in the litigation, and the

16 original source of the information.

17        7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'</u>

18 <u>EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or

19 permitted in writing by the Designating Party, a Receiving Party may disclose any

20 information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

21 EYES ONLY" only to:

22        (a)    the Receiving Party's Outside Counsel of record in this

23 action, as well as employees of said Outside Counsel to whom it is reasonably

24 necessary to disclose the information for this litigation;

25        (b)    Retained Experts or Consultants (as defined in this Order

26 and approved pursuant to paragraph 7.4(a)-(d) or exempt pursuant to paragraph

27 7.4(e), below) to whom disclosure is reasonably necessary for this litigation and

28

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

- 12 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

1  who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit

2  A),

3        (c)     the Court and its personnel;

4        (d)     court reporters, their staffs, and professional vendors to

5  whom disclosure is reasonably necessary for this litigation; and

6        (e)     the author of the document or the original source of the

7  information.

8        Nothing herein, however, is intended to prohibit or proscribe the ability of

9  outside counsel to provide to its client informed and meaningful advice, or to

10  prevent counsel from aggregating and generally summarizing counsel's

11  interpretation of the implications of such information as it relates to the litigation,

12  so long as it will not reveal or disclose the specific contents of any document or

13  information, including any figures and statistics therein, designated as "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY".

15        7.4.   Prior Approval Before Disclosure of "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

17  Experts or Consultants.  The procedure for having a Retained Expert or Consultant

18  approved for access to information designated as "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY" shall be as follows:

20        (a)     The party seeking to have a Retained Expert or

21  Consultant, as defined in Paragraph 2.13, approved (the "Requesting Party") shall

22  provide the Producing Party with:

23              i.      The name of the person;

24              ii.     The present employer and title of the person;

25              iii.    An up-to-date curriculum vitae listing work

26  experience, including consulting/expert experience and publications, over the prior

27  five years; and

28

- 13 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

BWRX/1055565/7010467v.1

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

1            iv.    A written acknowledgment in the form of Exhibit

2    A attached hereto, signed by the person for whom approval is sought, that the

3    person has read this Stipulated Protective Order and agrees to be bound by its

4    terms.

5            (b)    Within ten (10) calendar days after serving (via overnight

6    delivery or e-mail) a copy of the information and the written acknowledgment

7    described in Paragraph 7.4(a), the Producing Party may object to the person

8    proposed for approval upon a reasonable basis.  Failure to object within ten (10)

9    calendar days to the person proposed shall be deemed approval, but shall not

10   preclude a Producing Party from later objecting to continued access by that person

11   where facts suggesting a basis for objection are subsequently learned by the

12   Producing Party or its Counsel.  If objection is made, the "HIGHLY

13   CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall not be

14   disclosed to the designated person until the procedure set forth in paragraph 7.4(c)

15   has been completed or the Producing Party withdraws its objection.

16           (c)    If the Producing Party so objects, the Producing Party

17   and the Requesting Party shall, within ten (10) calendar days from the date of the

18   service of notice of objection, confer and attempt to resolve the dispute.  At that

19   conference, the Producing Party shall inform the Requesting Party of its reasons

20   for objecting to the designated person.  If the parties cannot resolve the dispute, or

21   if the conference does not take place, then the Producing Party may move the

22   Court for an appropriate order.  The "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY" information may be disclosed if the Producing

24   Party fails to move the Court for an appropriate order within ten (10) calendar days

25   after the conference.  If the Producing Party timely files a motion with the court for

26   an appropriate order within the ten (10) calendar day period, the "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may not be

28   disclosed to the designated person unless and until the Court denies the Producing

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

BWRX/1055565/7010467v.1

1  Party's motion.  These time periods are not to restrict either party from moving for

2  a Court order earlier if the circumstances so require.

3        (d)    It is understood and agreed that if, pursuant to this

4  Stipulated Protective Order, a Party identifies a person as an expert, no other Party

5  shall contact the expert nor subject the expert to discovery to inquire into matters

6  arising within the expert's consultation with the Designating Party, except as

7  provided by the Federal Rules of Civil Procedure or by Order of the Court.

8        (e)    A Party need not obtain prior approval of Retained

9  Experts or Consultants as set forth above provided that such Retained Expert or

10  Consultant is not now, scheduled to become, or a former employee, consultant, or

11  expert of a Party or a business entity related to a Party; and provided that such

12  Retained Expert or Consultant does not now, nor never has had an ownership

13  interest in a Party or of any business entity related to a Party; and provided that

14  such Retained Expert or Consultant is not employed or scheduled to be retained by

15  a business involved in the design, development, manufacture, sale, marketing, or

16  distribution of vertebroplasty medical products, or by either of the Parties'

17  competitors.  This exemption to prior approval is to be narrowly construed by the

18  Parties and generally should only apply to bona fide Retained Experts or

19  Consultants for the purposes of this litigation, by or at the direction of Counsel for

20  a Party.

21        Paragraph 7.4(e) applies only to the prior disclosure of Retained Experts or

22  Consultants and does not otherwise alter the requirements and obligations set forth

23  within this Stipulated Protective Order.

24  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

25  **PRODUCED IN OTHER LITIGATION.**

26        If a Receiving Party is served with a subpoena, or an order issued in other

27  litigation or Court proceedings, that requires disclosure of any information or items

28  designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

*Gordon & Rees LLP*
*4675 MacArthur Court*
*Suite 800*
*Newport Beach, CA 92660*

- 15 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

1  ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating
2  Party, in writing (by electronic mail and/or fax, if possible) promptly and in no
3  event more than four (4) court days after receiving the subpoena or order but
4  before the scheduled date for production.  Such notification shall include a copy of
5  the subpoena or court order.

6  The Receiving Party shall also immediately inform in writing the Party who
7  caused the subpoena or order to issue in the other litigation or proceeding that
8  some or all the material covered by the subpoena or order is the subject to this
9  Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy
10  of this Stipulated Protective Order promptly to the Party in the other action that
11  caused the subpoena or order to issue.

12  The purpose of imposing these duties is to alert the interested parties to the
13  existence of this Stipulated Protective Order and to afford the Designating Party in
14  this case an opportunity to seek to protect its confidentiality interests in the court
15  from which the subpoena or order issued.  The Designating Party shall bear the
16  burdens and the expenses of seeking protection in that court of its confidential
17  material.  Nothing in these provisions should be construed as authorizing or
18  encouraging a Receiving Party in this action to disobey a lawful directive from
19  another court.

20  **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED**
21  **MATERIAL**

22  If a Receiving Party learns that, by inadvertence or otherwise, it has
23  disclosed Protected Material to any person or in any circumstance not authorized
24  under this Stipulated Protective Order, the Receiving Party must immediately, (a)
25  notify in writing the Designating Party of the unauthorized disclosures, (b) use its
26  best efforts to retrieve all copies of the Protected Material, (c) inform the person or
27  persons to whom unauthorized disclosures were made of all the terms of this
28  Order, and, (d) request that such person or party execute the "Acknowledgment

*Gordon & Rees LLP*
*4675 MacArthur Court*
*Suite 800*
*Newport Beach, CA 92660*

- 16 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**
BWRX/1055565/7010467v.1

and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10.   FILING PROTECTED MATERIAL.

In the event that any Party decides to file with or submit to the Court any Protected Material, Counsel shall take appropriate steps to ensure the continuing confidentiality of the Protected Material.  Counsel for the Party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the Local Rules.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## 11.   MISCELLANEOUS

11.1.   <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2.   <u>Right to Assert Other Objections</u>.  By agreeing to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.3.   <u>Effect of Designation on Authenticity and Admissibility</u>.  The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this action.

///

///

///

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA  92660

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

BWRX/1055565/7010467v.1

1         11.4.   <u>Continuing Jurisdiction</u>.  All provisions of this Stipulated

2    Protective Order shall continue to be binding after the conclusion of this action in

3    its entirety, unless subsequently modified by agreement between the parties or

4    order of the Court, and the Court shall retain jurisdiction of this matter for the

5    purpose of enforcing this Stipulated Protective Order.

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8    DATED:  September 3, 2009               GORDON & REES LLP

9                                           By:   */s/ Lauren M. Fisher*
10                                                JEFFREY A. SWEDO
                                                 LAUREN M. FISHER
11                                               Attorneys for Plaintiff, BONWRX,
                                                 INC.
12   DATED: September_3, 2009                SHIMOKAJI & ASSOCIATES

13

14                                          By:   */s/ Robert McMillan*
                                                 MICHAEL SHIMOKAJI
15                                               LARRY SEVERIN
                                                 ROBERT MCMILLAN
16                                               Attorneys for Defendant and
                                                 Counterclaimant LIFE SCIENCE
17                                               OUTSOURCING, INC.

18

19
                                   **ORDER**
20
         The forgoing stipulated protective order is approved and shall be the Order
21
     of the Court.
22

23
                              IT IS SO ORDERED
24

25
     DATED  October 16, 2009        _____
26                                         UNITED STATES JUDGE

27

28

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA  92660

- 18 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of <u>BonWrx Inc., v. Life Science Outsourcing, Inc. and Barry Kazemi</u>, Case No. SACV08-01448 DOC (CTx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

- 19 -
**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**
BWRX/1055565/7010467v.1